11-3760-ag
Fein v. Comm'r

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of December, two thousand twelve.

Present:        AMALYA L. KEARSE,
                CHESTER J. STRAUB,
                ROSEMARY S. POOLER,
                        *Circuit Judges*.
_____

LEONARD FEIN AND PEARL FEIN,

                *Petitioners-Appellants*,

                -v-                                             11-3760-ag


COMMISSIONER OF INTERNAL REVENUE,

                *Respondent-Appellee*.
_____

Appearing for Appellant:        SAMUEL A. EHRENFELD, New York, NY.

Appearing for Appellee:        TERESA T. MILTON (Bruce R. Ellisen, *on the brief*), *for* Kathryn

                                Keneally, Assistant Attorney General, Tax Division, Department of Justice, Washington, DC.

        Appeal from the United States Tax Court (Swift, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the tax court be and it hereby is **AFFIRMED**.

Petitioners-Appellants Leonard and Pearl Fein ("Petitioners") appeal from a June 24, 2011 decision of the tax court (Swift, *J.*), sustaining the Commissioner of Internal Revenue's ("Commissioner's") disallowance of deductions under 26 U.S.C. § 162 and 26 U.S.C. § 274(d) and imposition of penalties under 26 U.S.C. § 6651 and 26 U.S.C. § 6662(a) for Petitioners' 2002, 2003, and 2004 returns. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the tax court's conclusions of law *de novo* and its findings of fact for clear error. *Robinson Knife Mfg. Co. v. Comm'r*, 600 F.3d 121, 124 (2d Cir. 2010). The tax court's finding that a taxpayer has not shown reasonable cause sufficient to avoid the imposition of penalties under 26 U.S.C. §§ 66651 or 6662 is reviewed for clear error. *Fran Corp. v. United States*, 164 F.3d 814, 816 (2d Cir. 1999) (§ 6651). *Thompson v. Comm'r*, 499 F.3d 129, 134 (2d Cir. 2007) (§ 6662).

The tax court requires parties to "stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case." T.C. R. 91(a)(1). Petitioners' main argument on appeal is that, in a pre-trial stipulation of facts adopted by the tax court, both parties agreed to the accuracy of most of Petitioners' returns, and this prevents disallowance by the Commissioner and tax court of the deductions claimed on those returns. A reading of the stipulation, however, makes clear that the parties agreed that certain attached exhibits were accurate copies, but did not agree that the returns themselves had accurate information. Furthermore, the fact that Petitioners offered evidence at trial in order to substantiate their expenses belies the argument that the parties stipulated that the claimed expense deductions were correct. *See Mildred Cotler Trust v. United States*, 184 F.3d 168, 172-75 (2d Cir. 1999) (rejecting argument that taxpayer stipulated to fraud penalties when government failed to raise issue before the tax court and taxpayer repeatedly denied fraud before the tax court).

Petitioners also argue that the tax court erred in finding that they failed to substantiate their business expense deductions under Section 162 and Section 274(d). Taxpayers must keep records to substantiate deductions for as long as the records are material to the administration of the tax laws. *See* 26 U.S.C. § 6001; Treas. Reg. § 1.6001-1(a), (e). Business expenses claimed under Section 274(d) are subject to stricter substantiation requirements as to the nature of records to be maintained. Here, the tax court found that Petitioners failed to meet their substantiation requirements under either Section. Much of Petitioners' documentation was illegible or blank, and such documentation as was legible did not clearly show a business purpose for the claimed expenses. On appeal, Petitioners point to nothing that contradicts the tax court's findings. Accordingly, we find that the tax court did not err.

Finally, Petitioners argue that the tax court erred in its imposition of penalties. Section 6651 requires the imposition of a penalty "[i]n case of failure to file any return . . . on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). Section 6662 requires the imposition of a penalty on the portion of an underpayment in tax attributable to the taxpayer's "[n]egligence or disregard of rules or regulations." *Id.* § 6662(b). Negligence is defined as "any failure to make a reasonable attempt to comply with the

provisions of [the Internal Revenue Code]." *Id.* § 6662(c); *see also* Treas. Reg. § 1.6662-3(b)(1) (providing that it is negligent for a taxpayer to fail "to keep adequate books and records or to substantiate items properly"). Section 6662 also has an exception for "reasonable cause." 26 U.S.C. § 6664(c). In this case, Petitioners failed to keep adequate records and failed to file timely returns, and are therefore liable for penalties under Sections 6651 and 6662. The tax court found that they did not establish reasonable cause for their failures. Petitioners argue they meet the reasonable cause exception, but they have pointed out no error in the tax court's determination.

We have considered all of Petitioners' other arguments and find them without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3